UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN M. DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:10-CV-284 PS |
| DEP. SCHERODER and DEP. SWANSON, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On Sunday, May 30, 2010, Shawn M. Davis was booked into the St. Joseph County Jail on a charge of theft. This was not the first time that he had been in the jail, and his prior visits had not been without incident. In 1998, he harassed a jail officer, yelled obscenities, and refused to follow an order. In 2000, he hit another inmate. In 2004, he acted aggressively toward a staff member. In addition, he also had a prior conviction for robbery in 1995. So, when his classification level was determined on June 1, 2010, he was placed in segregation at the second-highest security level.[1]

Davis filed this lawsuit alleging that his placement in segregation was punishment without due process in violation of the Fourteenth Amendment. Giving him the benefit of the inferences to which he was entitled at the initial stage of the case, I issued a screening order pursuant to 28 U.S.C. § 1915A and permitted him to proceed against Dep. Scheroder and Dep. Swanson in their individual capacities for compensatory and punitive damages. Those defendants have now moved for summary judgment arguing that the undisputed facts show that

---

[1] There are eight security levels at the St. Joseph County Jail.

Davis was placed in segregation for legitimate security reasons. Davis has also filed a cross-motion for summary judgment.

## DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "At summary judgment, 'a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.'" *Paz v. Wauconda Healthcare and Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). Moreover, this Court must construe "the record in the light most favorable to the nonmovant" and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne*, 337 F.3d at 770 (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants").

Nevertheless, summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (quotations omitted). Therefore, in order for this case to survive summary judgment, Davis must point to admissible evidence demonstrating that his placement in segregation required a due process hearing. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment."). After Defendants filed their summary

judgment motion, Davis submitted 17 filings.[2]  All of those filings have now been reviewed along with all of the other filings that Davis had previously presented.

Davis repeatedly notes that he was not charged with a disciplinary violation nor given a due process hearing before he was placed in segregation.  He also correctly states that a pre-trial detainee may not be punished without due process of law.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Defendants do not dispute those assertions.  Rather, they explain that Davis was placed in segregation because of his prior criminal activity as well as his previous history of behavior problems in the jail.  Davis does not contest his criminal history nor any of the listed disciplinary problems he had at the jail.  Instead, he argues that, despite his history, the defendants were not required to place him in segregation. Based on Defendants' declarations, they did have some discretion in making classification decisions, but that is not the question before me.  The question before me is whether they had a legitimate basis for placing Davis in segregation and whether they were required to conduct a due process hearing before doing so.

Davis argues that Defendants did not hold a hearing to determine whether he was a danger to others.  That too is true, but "no process is required if [a pre-trial detainee] is placed in segregation not as punishment but . . . to protect jail staff from his violent propensities."  *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002).  "Central to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves."  *Bell*, 441 U.S. at 546-547 (quotation marks, brackets and citation omitted).  Here, despite Davis' feelings to the contrary, there is no evidence that he was being punished.

---

[2] The defendants moved to strike many of these filings. I denied those motions (*see* ECF 87), and explained that, pursuant to Fed. R. Civ. P. 56(e)(4) and N.D. Ind. L.R. 1.1(e), I would review and consider them despite any timing or formatting issues noted by the defendants.

The decision to place Davis in segregation was rational and reasonably related to the legitimate governmental objective of protecting both other inmates and staff.  *Id.* at 539 ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'").  Davis had a history of violence and misbehavior in the jail and "[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel . . . ." *Id.* at 547.  Therefore, no hearing was required before he was placed in segregation.

Finally, Davis asks to have oral argument, but oral argument would not be helpful in this case because there is no evidence that Davis was being punished and no evidence that it was improper to place him in segregation.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF 36) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF 42) is **DENIED**.  The clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants Dep. Scheroder and Dep. Swanson and against the Plaintiff Shawn M. Davis.

**SO ORDERED**.

ENTERED: October 20, 2011.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT